UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>          Plaintiff,<br><br>    v.<br><br>KUNDURA, INC.,<br><br>          Defendant. | Case No. 21-cv-07973-EMC<br><br>**ORDER TO SHOW CAUSE**<br><br>Docket No. 32 |

Plaintiff Brian Whitaker has sued Defendant Kundura, Inc. for violations of Americans with Disabilities Act and the California Unruh Civil Rights Act. In his complaint, Mr. Whitaker alleges that he is a quadriplegic and uses a wheelchair for mobility. *See* Compl. ¶ 1. He also alleges that, in September 2021, he visited a store owned by Kundura – called Paolo Shoes – and encountered barriers. *See* Compl. ¶ 8. For example, there were no wheelchair accessible sales counters. *See* Compl. ¶ 10. According to Mr. Whitaker, he "will return to Paolo Shoes to avail himself of its goods or services and to determine compliance with the disability access laws once it is represented to him that Paolo Shoes and its facilities are accessible." Compl. ¶ 20.

Currently, Mr. Whitaker has a motion for default judgment pending with the Court. The motion is set for hearing on December 15, 2022. However, the Court temporarily **VACATES** the hearing on the default judgment motion and issues the following **ORDER TO SHOW CAUSE**. *See, e.g.*, *Whitaker v. Cumaica Corp.*, No. C-21-7867 EMC (N.D. Cal.) (Docket No. 17); *Whitaker v. Mission Edge Caf, Inc.*, No. C-21-9362 CRB (N.D. Cal.) (Docket No. 22).

First, Mr. Whitaker is ordered to show cause as to why the ADA claim should not be dismissed for lack of Article III standing. *See Arroyo v. Rosas*, 19 F.4th 1202, 1211 (9th Cir.

2021) (noting that, in private suits, a plaintiff may obtain only injunctive relief under the ADA); *Chapman v. Pier 1 Imps. (U.S.), Inc.*, 631 F.3d 939, 950 (9th Cir. 2011) (stating that "an ADA plaintiff can show a likelihood of future injury when he intends to return to a noncompliant accommodation and is therefore likely to reencounter a discriminatory architectural barrier"). In response, Mr. Whitaker must file a declaration substantiating his allegation that he intends to return to Paolo Shoes or would but for the ADA violation. Furthermore, given the allegations of the San Francisco and Los Angeles District Attorneys regarding the conduct of the Potter Handy firm and its clients, Mr. Whitaker's declaration must substantiate, in detail, the allegation that he visited the establishment in the first place, including the precise date of the visit. *See People v. Potter Handy*, No. CGC-22-599079 (Cal. Super. Ct.). The declaration shall also state how many other business establishments, if any, Mr. Whitaker visited on that date and where they are located. Finally, counsel for Mr. Whitaker shall file a declaration, describing in detail the investigation conducted to ensure that its client visited the establishment and intends to return there. *See Whitaker v. Mission Edge Caf, Inc.*, No. C-21-9362 CRB (Docket No. 22) (Order at 2). The Court may schedule an evidentiary hearing to test the veracity of the jurisdictional and related allegations submitted in response to this order to show cause. Assuming that Kundura has made an appearance in this case, the Court may give Kundura the opportunity to conduct jurisdictional discovery relative to standing.

Second, Mr. Whitaker is ordered to show cause as to why the Court should exercise jurisdiction over the state law claim. "When a 'high frequency' litigant asserts a California Unruh Act claim in federal court alongside an ADA claim, this will typically constitute an exceptional circumstance that justifies dismissal of the Unruh Act claim." *Johnson v. T&V Investment, Inc.*, No. C-21-9060 VC (N.D. Cal.) (Docket No. 26) (Order at 1); *see also Vo v. Choi*, 49 F.4th 1167, -- (9th Cir. 2022) (upholding lower court's declination of supplemental jurisdiction over the Unruh Act claim where court did so weeks before it ruled on the ADA claim; lower court had held that "it would not be 'fair' to defendants and 'an affront to the comity between federal and state courts' to allow plaintiffs to evade California's procedural requirements by bringing their claims in federal court").

Mr. Whitaker shall file his response to this order to show cause within three weeks of the date of this order. Failure to respond shall result in a dismissal of this action with prejudice. In the meantime, all other deadlines are vacated in this case (which includes, as noted above, the hearing on the motion for default judgment), and the parties are temporarily relieved from the requirements of General Order 56.

**IT IS SO ORDERED**.

Dated: October 28, 2022

_____
EDWARD M. CHEN
United States District Judge

3